MORGAN, LEWIS & BOCKIUS LLP
Barbara A. Fitzgerald, Bar No. 151038
bfitzgerald@morganlewis.com
Salvatore Picariello, Bar No. 190442
spicariello@morganlewis.com
300 South Grand Avenue
Twenty -Second Floor
Los Angeles, CA  90071-3132
Tel:   213.612.2500
Fax:   213.612.2501

Attorneys for Defendant
COGNIZANT TECHNOLOGY SOLUTIONS
U.S. CORPORATION, erroneously identified
as COGNIZANT TECHNOLOGY
SOLUTIONS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BEASLEY; IRINA MASHAROVA; ANNA RSHTOUNI; MARCELO PINEDA; CHARLES PRICE; YURI GRISHKO; TSUNG-HSIEN SHEN; TIM LUK; DAVID DE HILSTER; LILY BUMATAY; PARTHA CHOUNDRY; TIM BGUYEN; JAMES NGUYEN; EDWARD DUONG; ISMAIL GUZEY; STEVE MO; BONITA SHOK; and KAREN KU, <br><br> Plaintiffs, <br><br> vs. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION (erroneously identified as COGNIZANT TECHNOLOGY SOLUTIONS, a California business, form unknown); MOLINA HEALTHCARE, INC., a California business, form unknown; AMIR DESAI, an individual and managing agent for MOLINA HEALTHCARE, INC.; and DOES 1 to 50, inclusive, <br><br> Defendants. | Case No. 2:11-CV-04974-JFW (MRW) <br><br> **COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO LOS ANGELES SUPERIOR COURT** |

1

## <u>TABLE OF CONTENTS</u>

2

3

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ............................ 1

II.   BACKGROUND FACTS .............................................................. 4

III.  LEGAL DISCUSSION ............................................................... 5

    A.    Standards For Removal ...................................................... 5

    B.    *Grable* And Its Progeny Reaffirmed The Validity Of Federal-Question Jurisdiction Over State-Law Causes of Action ..................... 6

    C.    Because Plaintiffs' Right To Relief (If Any) Necessarily Depends Upon The Resolution Of Substantial and Contested Questions Of Federal Immigration Law, Removal To This Court Was Proper ..................................................................... 9

IV.   CONCLUSION ...................................................................... 15

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND 2:11-
CV-04974-JFW (MRW)

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

### CASES

4

5

*ARCO Envtl. Remediation, L.L.C. v. Dept. of Health & Envtl. Quality*,
213 F.3d 1108 (9th Cir. 2000) ............................................................................ 5, 6

6

7

*Avila-Gonzalez v. Barajas*,
2006 WL 643297 (M.D. Fla. Mar. 2, 2006) ................................................ *passim*

8

*Becnel v. KPMG LLP*,
387 F.Supp.2d 984 (W.D. Ark. 2005) ...................................................... 2, 8, 11

9

10

*Caterpillar, Inc. v. Williams*,
482 U.S. 386 (1987) ............................................................................................. 5

11

12

*Colbert v. Union Pac. R.R. Co.*,
485 F.Supp.2d 1236 (D. Kan. 2007) .................................................................. 10

13

14

*County of Santa Clara v. Astra USA, Inc.*,
401 F.Supp.2d 1022 (N.D. Cal. 2005) ................................................................. 8

15

16

*Davis v. Brouse McDowell, L.P.A.*,
596 F.3d 1355 (Fed. Cir. 2010) ................................................................... 8, 10

17

18

*Eastman v. Marine Mech. Corp.*,
438 F.3d 544 (6th Cir. 2006) ............................................................................. 10

19

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
547 U.S. 677 (2006) ........................................................................................... 10

20

21

*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*,
463 U.S. 1 (1983) ................................................................................................. 5

22

23

*Grable & Sons Metal Prods., Inc.*,
545 U.S. 308, 312 (2005) ............................................................................ *passim*

24

25

*Hines v. Davidowitz*,
312 U.S. 52 (1941) ...................................................................................... 11, 12

26

27

*Martin v. Franklin Cap. Corp.*,
546 U.S. 132 (2005) ........................................................................................... 14

28

ii

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND 2:11-
CV-04974-JFW (MRW)

*Mathews v. Diaz*,
    426 U.S. 67 (1976) ................................................................. 3, 11, 12

*Merrell Dow Pharmaceuticals Inc. v. Thompson*,
    478 U.S. 804 (1986) ...................................................................... 14

*Mikulski v. Centerior Energy Corp.*,
    501 F.3d 555 (6th Cir. 2007) ........................................................ 13

*Mitchell v. Bank of America*,
    2010 WL 3340486 (M.D. Fla. Aug. 25, 2010) ........................... 2, 8, 11

*Municipality of San Juan v. Corporación Para El Fomento Económico De
    La Ciudad Capital*,
    415 F.3d 145 (1st Cir. 2005) ........................................................... 8

*Nat'l Credit Reporting Assn., Inc. v. Experian Info. Solutions*,
    2004 WL 1888769 (N.D. Cal. July 21, 2004) ................................... 6

*Nicodemus v. Union Pacific Corp.*,
    440 F.3d 1227 (10th Cir. 2006) ................................................. 8, 14

*Pacific Gas & Elec. Co. v. Arizona Elec. Power Cooperative, Inc.*,
    479 F.Supp.2d 1113 (E.D. Cal. 2007) ............................................ 14

*Pennsylvania v. Eli Lilly & Co., Inc.*,
    511 F.Supp.2d 576 (E.D. Pa. 2007) ............................................... 10

*Plyer v. Doe*,
    457 U.S. 202 (1982) ....................................................................... 12

*Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. of Envtl.
    Mgmt.*,
    585 F.3d 42 (1st Cir. 2009) ........................................................... 2, 8

*Singh v. Duane Morris LLP*,
    538 F.3d 334 (5th Cir. 2008) ......................................................... 13

*Sudomir v. McMahon*,
    767 F.2d 1456 (9th Cir. 1985) .................................................... 3, 11

*Utah v. Eli Lily & Co.*,
    509 F.Supp.2d 1016 (D. Utah 2007) .............................................. 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

*Washington Cons. Group v. Raytheon Tech. Servs. Co., LLC*,
   760 F.Supp.2d 94 (D.D.C. 2011) ........................................................ 12

*Wexler v. United Air Lines, Inc.*,
   496 F.Supp.2d 150 (D.D.C. 2007) ...................................................... 10

*Wolf v. Bankers Life & Cas. Co.*,
   519 F.Supp.2d 674 (W.D. Mich. 2007) .............................................. 11

### STATUTES

8 U.S.C. § 1182 ................................................................................ 12, 13

8 U.S.C. § 1184 .................................................................................. 3, 14

18 U.S.C. § 1001 ................................................................................. 1, 9

18 U.S.C. § 1546 ................................................................................. 1, 9

26 U.S.C. § 6335 ............................................................................. 6, 7, 8

28 U.S.C. § 1441(a) ................................................................................ 5

California Civil Code § 51 ...................................................................... 4

California Business & Professions Code § 17200 .................................. 4

### OTHER AUTHORITIES

20 C.F.R. § 655.710 ............................................................................. 13

20 C.F.R. § 655.737 ............................................................................... 9

20 C.F.R. § 655.800 ............................................................................. 13

66 Fed. Reg. 29656 (May 31, 2001) ................................................... 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

1  Defendant Cognizant Technology Solutions U.S. Corporation, erroneously

2  identified as Cognizant Technology Solutions ("Cognizant"), respectfully submits

3  the following Opposition to Plaintiffs' Motion to Remand to Los Angeles Superior

4  Court (the "Motion").

5  **I.**  **INTRODUCTION AND SUMMARY OF ARGUMENT**

6  The Supreme Court has "recognized for nearly 100 years that in certain cases

7  federal-question jurisdiction will lie over state-law claims that implicate significant

8  federal issues." *Grable & Sons Metal Prods., Inc.*, 545 U.S. 308, 312 (2005).  This

9  basis for jurisdiction arises when a state-law claim "necessarily raise[s] a stated

10  federal issue, actually disputed and substantial, which a federal forum may entertain

11  without disturbing any congressionally approved balance of federal and state

12  judicial responsibilities." *Id*. at 314.  All of these factors favor the exercise of

13  federal-question jurisdiction in this action.

14  While Plaintiffs attempt to minimize its centrality to their claims, the fact

15  remains that the linchpin to Plaintiffs' claims against Cognizant is the (false)

16  contention that Cognizant made sworn misrepresentations in H-1B Labor

17  Conditions Applications ("LCAs") and that the United States Department of Labor

18  ("DOL") relied in approving Cognizant's application for 40 H-1B visa holders from

19  India to work at defendant Molina Healthcare, Inc. ("Molina").  (*See, e.g.,* Compl.

20  ¶¶ 40-44, 51-52, 77, 84, 90, 100-101, 108-109, 117-118 & Exh. 4).  If Plaintiffs'

21  allegations are correct (and they are not), then Cognizant's submission of false

22  LCAs to this federal agency constitutes a violation of federal law.  Indeed, the

23  LCAs attached as Exhibit 4 to Plaintiffs' Complaint (which, in truth, are not forms

24  relevant to the H-1B workers placed with Molina) provide that "[m]aking

25  fraudulent representations on this Form can lead to civil or criminal action under 18

26  U.S.C. § 1001, 18 U.S.C. § 1546, or other provisions of law."  (Compl., Exh. 4,

27  § K).  To make this showing, Plaintiffs will be required to navigate through the

28  thicket of federal immigration law to ascertain Cognizant's disclosure obligations,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND 2:11-
CV-04974-JFW (MRW)

the applicability and scope of any exemptions that may affect these disclosure requirements, Cognizant's compliance with these statutes and regulations, and the legal effect of Cognizant's LCA attestations to the DOL.  In short, the lawfulness of Cognizant's conduct must be determined by federal law.

These disputed federal issues are essential to the resolution of Plaintiffs' claims against Cognizant.  Without the DOL's approval of the LCAs, the H-1B visa holders would not have been placed at the affected Molina site, these workers supposedly would not have displaced Plaintiffs, the alleged wrongful terminations would not have occurred, and the alleged conspiracy would have died in its infancy. (*See* Compl. ¶ 43).  As they themselves have pleaded, unless Plaintiffs actually prove that Cognizant violated federal law, they cannot prevail upon any of their claims against Cognizant.  In other words, the entirety of Plaintiffs' claims against Cognizant rises and falls on their proving a violation of federal law.

Because Plaintiffs' right to relief (if any) necessarily depends upon the resolution of substantial and contested questions of federal immigration law, the first *Grable* requirement is satisfied.  *See Avila-Gonzalez v. Barajas*, 2006 WL 643297, at *1 (M.D. Fla. Mar. 2, 2006) (exercising federal-question jurisdiction over guest workers' state-law contract claims that turned on interpretation of terms dictated by federal immigration law); *see also Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. of Envtl. Mgmt.*, 585 F.3d 42, 49 (1st Cir. 2009) (state-law claim challenging regulatory restrictions invoked federal-question jurisdiction because plaintiffs' asserted right to relief under state law required a showing that retroactive control dates imposed by state agency were not compulsory under federal law); *Mitchell v. Bank of America*, 2010 WL 3340486, at *3 (M.D. Fla. Aug. 25, 2010) (upholding federal-question jurisdiction where plaintiffs' right to relief depended on defendants' violation of the Fair Debt Collection Practices Act); *Becnel v. KPMG LLP*, 387 F.Supp.2d 984, 986 (W.D. Ark. 2005) (upholding federal-question removal where resolution of plaintiffs' tort claims depended on

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

1    showing that the tax shelters on which defendant opined violated federal tax law).

2    The second *Grable* requirement is also satisfied because the federal interest

3    in regulating immigration is unquestionably substantial.  *Avila-Gonzalez*, 2006 WL

4    643297, at *1 ("Federal question jurisdiction is appropriate because of the

5    substantial federal interest in immigration matters and in seeing that businesses

6    honor the obligations they assume in order to obtain governmental approval of their

7    activities, as the Defendant did to obtain temporary labor certificates for

8    importation of H-2A workers.").  "For reasons long recognized as valid, the

9    responsibility for regulating the relationship between the United States and our

10   alien visitors has been committed to the political branches of the Federal

11   Government."  *Mathews v. Diaz*, 426 U.S. 67, 81 (1976); *see also Sudomir v.*

12   *McMahon*, 767 F.2d 1456, 1464 (9th Cir. 1985) ("federal authority in the areas of

13   immigration and naturalization is plenary").

14   Finally, the third *Grable* requirement is met here because the exercise of

15   federal jurisdiction will not "disturb[] any congressionally approved balance of

16   federal and state judicial responsibilities."  *Grable*, 545 U.S. at 314.  Congress

17   certainly has not allocated any authority to state courts to regulate immigration or to

18   interpret and apply immigration law.  Moreover, there is no chance that the exercise

19   over jurisdiction here would open a floodgate of state-law litigation matters in the

20   federal courts.  Here, as in *Avila-Gonzalez*, 2006 WL 643297, at *1, there are a

21   limited number of workers admitted each year pursuant to the regulations at issue.

22   *See* 8 U.S.C. § 1184(g)(1)(A)(vii) (total number of aliens who may be issued visas

23   or otherwise provided nonimmigrant status may not exceed 65,000 per year after

24   2004).  Thus, federal-question jurisdiction in this matter would not open the judicial

25   flood gates.

26   For these and other reasons set forth below, the Court should deny Plaintiffs'

27   Motion to Remand.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

## II.   **BACKGROUND FACTS**

Plaintiffs filed their Complaint in the Los Angeles Superior Court asserting claims against Cognizant under the following laundry list of theories:  (1) national origin discrimination in violation of Section 8 of the California Constitution and Civil Code § 51 (*i.e.*, the Unruh Act); (2) intentional infliction of emotional distress; (3) wrongful termination in violation of public policy; (4) negligence; (5) tortious interference with a contract; and (6) violation of the Unfair Business Practices Act (Business & Professions Code §§ 17200).[1]  Each of these claims hinges on the allegation that, in furtherance of a conspiracy with defendants Molina and Amir Desai (Molina's former CIO), Cognizant made false, sworn statements in H-1B LCAs, upon which the DOL relied in approving Cognizant's application for 40 H-1B visa holders from India to work at Molina.[2]  (*See, e.g.,* Compl. ¶¶ 40-44, 51-52, 77, 84, 90, 100-101, 108-109, 117-118 & Exh. 4).  More specifically, Plaintiffs (wrongly) charge that Cognizant made false attestations to the DOL regarding the effort it had made to locate qualified American workers to perform the jobs in question, the adverse impact that hiring the H-1B workers would have on Molina's employees, and the rate of pay for the H-1B workers.  (Compl. ¶¶ 42-43).  After Cognizant allegedly succeeded in perpetrating this fraud, Molina (allegedly at the urging of Desai) replaced Plaintiffs and similarly situated employees with the H-1B workers.  (Compl. ¶¶ 29, 37-43).  While complete apocrypha, Plaintiffs allege that this conspiracy has resulted in the bilking of federal and state taxing authorities.  (Compl. ¶ 29).

---

[1] Plaintiffs also assert five additional state-law claims against Molina and other defendants.  All of Plaintiffs' claims against Cognizant are the subject of a pending motion to dismiss (Dkt. # 9-1) on the ground, *inter alia*, that they are preempted by federal immigration law.

[2] Molina provides healthcare for financially vulnerable individuals and families under Medicare, Medicaid and other related programs.  Cognizant is a provider of business process outsourcing services across various industries.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

## III.   LEGAL DISCUSSION

### A.   Standards For Removal

A defendant may remove any action in which a United States District Court has original jurisdiction.  28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  *Id*. § 1331.  Thus, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."  *Id*. § 1441(b).

Cognizant removed based on the existence of a federal question.  While the "'well-pleaded complaint rule,' . . . provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987), the artful-pleading doctrine provides that "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint."  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983).

Therefore, under the artful-pleading doctrine, a state-law complaint may state a federal claim for the purposes of removal in certain circumstances.  *Caterpillar*, 482 U.S. at 393 (citation omitted).  The circumstances sufficient for removal under the artful-pleading doctrine include: "(1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question."  *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000) (citations omitted).  If one of these circumstances exists, a federal court may allow removal even if a federal question does not appear on the face of the complaint.  *Id*.

In the present action, the third prong of the artful-pleading doctrine is applicable, as Plaintiffs' right to relief depends upon the resolution of a substantial,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

disputed federal question.  *See id*.  A plaintiff's right to relief depends on the resolution of a substantial, disputed federal question if the state law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing the balance of state and federal systems.  *Grable*, 545 U.S. at 314 (citations omitted).  "A claim raises a substantial federal question when its resolution requires reference to or interpretation of federal law."  *Nat'l Credit Reporting Assn., Inc. v. Experian Info. Solutions*, 2004 WL 1888769, at *2 (N.D. Cal. July 21, 2004) (citing *Hendricks v. Dynegy Power Mktg., Inc.*, 160 F.Supp.2d 1155, 1162 (S.D. Cal. 2001).  A federal cause of action is not a necessary condition for federal question jurisdiction if the underlying predicate of a state claim is federal law.  *Grable*, 545 U.S. at 317-318.  That is our case here.

## B.     *Grable* And Its Progeny Reaffirmed The Validity Of Federal-Question Jurisdiction Over State-Law Causes of Action

The Supreme Court's decision in *Grable* is highly instructive in this matter. In that case, the IRS seized Michigan property belonging to the petitioner in order to satisfy a federal tax delinquency.  545 U.S. at 310.  After seizing the property, the IRS sold it to the defendant.  *Id*.  Although the petitioner received actual notice of the sale by certified mail, the IRS had failed to notify the petitioner by personal service, as required by 26 U.S.C. § 6335.  *Id*. at 310-311.  Five years later, Grable brought a quiet title action in state court, claiming that the defendant's record title was invalid because the IRS had failed to notify Grable of its seizure of the property in the exact manner required by the federal statute.  *Id*. at 311.

The defendant removed the case to federal court as presenting a federal question, because the claim of title depended on the interpretation of the notice statute in the federal tax law.  *Id*.  The district court declined to remand the action after finding that the claim posed a "significant question of federal law," and the Court of Appeals for the Sixth Circuit affirmed.  *Id*.  The Supreme Court affirmed, explaining:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

> 1  This Court [has] recognized for nearly 100 years that in certain cases
> 2  federal question jurisdiction will lie over state law claims that implicate
> 3  significant federal issues.  The doctrine captures the commonsense notion
> 4  that a federal court ought to be able to hear claims recognized under state
> 5  law that nonetheless turn on substantial questions of federal law, and thus
> 6  justify resort to the experience, solicitude and hope of uniformity that a
> 7  federal forum offers on federal issues.

*Id*. at 312.  In analyzing the contours of this doctrine, the *Grable* Court reasoned that federal jurisdiction must attach when a "state law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Id.* at 314.

Applying this standard to the facts before it, the *Grable* court held that the petitioner's quiet title claim under Michigan law embodied sufficient federal issues to invoke federal-question jurisdiction.  First, the Court noted that the outcome-determinative issue in the case was whether the IRS violated federal tax law when it failed to make proper service under the federal tax code.  *Id*. at 315.  Second, the Court observed that the meaning of the federal tax provision is an "important issue of federal law that sensibly belongs in federal court."  *Id*.  In reaching this conclusion, the Court highlighted the federal government's strong interest in the prompt and certain collection of delinquent taxes, the ability of the IRS to lawfully seize property and satisfy claims from tax delinquents, and the availability of a federal forum to vindicate its own administrative actions.  *Id*.  Finally, because only the "rare state quiet title action involves contested issues of federal law," the *Grable* Court concluded that asserting federal jurisdiction in that case would not "materially affect" the "normal currents of litigation or the federal-state division of labor."  *Id*.  Based upon these factors, the Court unanimously concluded that a federal forum was appropriate for petitioner's state-law claim, notwithstanding the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

absence (as in this case) of a parallel federal private right of action.  *Id*. at 311-312 & n.2.

Subsequent to *Grable*, federal courts throughout the country have, where appropriate, recognized federal question or removal jurisdiction over state-law claims.  *See, e.g., Rhode Island Fishermen's Alliance, Inc.*, 585 F.3d at 49 (state-law claim challenging regulatory restrictions invoked federal-question jurisdiction because plaintiffs' asserted right to relief under state law required a showing that retroactive control dates imposed by state agency were not compulsory under federal law); *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1234-35 (10th Cir. 2006) (state-law claims for trespass, unjust enrichment, and slander of title, based upon railroad's licensing of right to install cable on railroad's right-of-way, invoked federal-question jurisdiction, where rights-of-way were granted under federal land grants); *Municipality of San Juan v. Corporación Para El Fomento Económico De La Ciudad Capital*, 415 F.3d 145, 148 n.6 (1st Cir. 2005) (federal jurisdiction proper where propriety of defendant's conduct turned on its adherence to intricate federal regulatory requirements); *Mitchell*, 2010 WL 3340486, at *3 (upholding federal-question jurisdiction where plaintiffs' right to relief depended on defendants' alleged violation of the Fair Debt Collection Practices Act); *Avila-Gonzalez*, 2006 WL 643297, at *1 (exercising federal-question jurisdiction over guest workers' state-law contract claims because they turned on interpretation of terms dictated federal immigration law); *County of Santa Clara v. Astra USA, Inc.*, 401 F.Supp.2d 1022, 1026-27 (N.D. Cal. 2005) (federal-question jurisdiction over plaintiff's state-law causes of action because the defendants' alleged false billing turned on federal price limits); *Becnel*, 387 F.Supp.2d at 986 (upholding federal-question removal where resolution of plaintiffs' tort claims depended on showing that the tax shelters on which defendant opined violated federal tax law); *cf. Davis v. Brouse McDowell, L.P.A.*, 596 F.3d 1355, 1361-62 (Fed. Cir. 2010) (state-law claim for legal malpractice based upon counsel's alleged negligent preparation and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

1   filing of U.S. patent applications arose under federal patent law and invoked

2   federal-question jurisdiction).

### C.   Because Plaintiffs' Right To Relief (If Any) Necessarily Depends Upon The Resolution Of Substantial and Contested Questions Of Federal Immigration Law, Removal To This Court Was Proper

5   Plaintiffs' protestations to the contrary notwithstanding, their Complaint

6   against Cognizant hinges on federal law.  Plaintiffs spell out the attestations that an

7   employer must allegedly make to the DOL in an H-1B LCA.  Specifically,

8   Plaintiffs contend that to obtain an H-1B visa, an applicant/employer must submit a

9   signed, sworn declaration affirming the following:  (a) that it has made a diligent

10  search for American and/or green card holders to fill a job opening, but that it could

11  not find any qualified U.S. workers willing to perform the job; (b) that the H-1B

12  applicant is both a college graduate and competent to perform the job duties for

13  which he seeks employment; (c) that no current U.S. employee will be adversely

14  affected by the hiring of the H-1B applicant within the hiring company; and (d) that

15  the H-1B applicant will be paid the higher of the prevailing wage rate in the area or

16  the same wages and benefits as others in the job description.  (Compl. ¶ 40).

17  Plaintiffs then contend that Cognizant made the foregoing attestations to the DOL,

18  and that Cognizant's sworn attestations were knowingly false.  (Compl. ¶ 42).

19  To establish any of their claims against Cognizant, Plaintiffs will be required

20  to show that Cognizant violated federal law by submitting false LCAs to the DOL.

21  Indeed, Exhibit 4 to Plaintiffs' Complaint makes clear that "[m]aking fraudulent

22  representations on this Form can lead to civil or criminal action under 18 U.S.C.

23  § 1001, 18 U.S.C. § 1546, or other provisions of law."  (Compl., Exh. 4, § K).  To

24  prove that Cognizant did not comply with its disclosure requirements under federal

25  law, Plaintiffs will be required to point to the applicable federal statutes and

26  regulations governing such disclosures, as well as the applicability and scope of any

27  exemptions that may affect these disclosure requirements (*e.g.*, 20 C.F.R. § 655.737

28  (attestation obligations regarding displacement not applicable where, as here, the H-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

1B nonimmigrants received wages of at least $60,000)), Cognizant's compliance with these statutes and regulations, and the legal effect of Cognizant's LCA attestations to the DOL.  The parties are hotly contesting all of these issues,[3]

In addition, Cognizant's alleged false attestations form the basis of each of Plaintiffs' state-law claims against Cognizant.   (*See, e.g.,* Compl. ¶¶ 40-44, 51-52, 77, 84, 90, 100-101, 108-109, 117-118 & Exh. 4).  Plaintiffs also allege that, but for the DOL's approval of the LCAs, the H-1B visa holders would not have been placed at the affected Molina site, these workers would not have displaced Plaintiffs, and the alleged wrongful terminations would not have occurred.  (*See* Compl. ¶ 43).  Thus, these disputed federal issues are essential to the resolution of Plaintiffs' claims against Cognizant.

Accordingly, Plaintiffs' right to relief (if any) necessarily depends upon the resolution of substantial and contested questions of federal immigration law, and the first *Grable* requirement is satisfied.  *See, e.g.*, *Avila-Gonzalez*, 2006 WL 643297, at *1 (exercising federal-question jurisdiction over guest workers' state-law contract claims because they turned on interpretation of terms dictated federal immigration law); *cf. Davis*, 596 F.3d at 1361-62 (state-law claim for legal

_____

[3] Thus, Plaintiffs' reliance on decisions finding a lack of federal-question jurisdiction on the grounds that the defendants had failed to identify contested substantial federal issues is unavailing in this action.  *See, e.g.*, *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 552-553 (6th Cir. 2006) (remanding action because, *inter alia*, the meaning of federal statute was not in dispute); *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006) (federal-question jurisdiction lacking because plaintiff's subrogation claims did not implicate a substantial federal issue); *Wexler v. United Air Lines, Inc.*, 496 F.Supp.2d 150, 153 (D.D.C. 2007) (remanding action where federal regulations were neither necessarily raised nor actually disputed by plaintiff ); *Pennsylvania v. Eli Lilly & Co., Inc.*, 511 F.Supp.2d 576, 580 (E.D. Pa. 2007) (remanding action because, *inter alia*, complaint did not raise disputed issue of federal law); *Colbert v. Union Pac. R.R. Co.*, 485 F.Supp.2d 1236, 1245-46 (D. Kan. 2007) (remanding action where defendants failed to identify the federal law that was essential to plaintiff's claims).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

1  malpractice based upon counsel's alleged negligent preparation and filing of U.S.

2  patent applications arose under federal patent law and invoked federal-question

3  jurisdiction); *Mitchell*, 2010 WL 3340486, at *3 (upholding federal-question

4  jurisdiction where plaintiffs' right to relief depending on defendants' alleged

5  violation of the Fair Debt Collection Practices Act); *Becnel*, 387 F.Supp.2d at 986

6  (upholding federal-question removal where resolution of plaintiffs' tort claims

7  depended on showing that the tax shelters on which defendant opined violated

8  federal tax law).

9       Plaintiffs' argument that their causes of action can stand upon alternative

10  state-law theories and, therefore, the claims do not necessarily depend on federal

11  law does not withstand scrutiny.  It is well-settled – as set forth in more detail in

12  Cognizant's pending Motion to Dismiss (Dkt. # 9-1) – that immigration regulation

13  is constitutionally left to the province of the federal government.  *Hines v.*

14  *Davidowitz*, 312 U.S. 52, 62 (1941) ("that the supremacy of the national power in

15  the general field of foreign affairs, including power over immigration,

16  naturalization and deportation, is made clear by the Constitution, was pointed out

17  by authors of The Federalist in 1787, and has since been given continuous

18  recognition by [the Supreme] Court"); *Mathews*, 426 U.S. at 84 ("it is the business

19  of the political branches of the Federal Government, rather than that of either the

20  States or the Federal Judiciary, to regulate the conditions of entry and residence of

21  aliens"); *Sudomir*, 767 F.2d at 1464 ("federal authority in the areas of immigration

22  and naturalization is plenary").  As such, Plaintiffs' reference to cases where the

23  cause of action is underpinned by both federal and state law alleged wrongs are

24  readily distinguishable.  There is simply no authority that would allow Plaintiffs to

25  enforce federal immigration under the guise of California state law.  *See, e.g., Wolf*

26  *v. Bankers Life & Cas. Co.*, 519 F.Supp.2d 674, 688-90 (W.D. Mich. 2007)

27  (remanding action because plaintiffs could still prevail on their negligence *per se*

28  claim under state law even if court found no duty under federal statute to notify law

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

1    enforcement about former employee); *Washington Cons. Group v. Raytheon Tech.*

2    *Servs. Co., LLC*, 760 F.Supp.2d 94, 104 (D.D.C. 2011) (remanding action because

3    plaintiff's tortious interference and unfair competition claims did not necessarily

4    depend on whether defendants violated federal conflict-of-interest statutes and

5    regulations).

6         The second *Grable* requirement is also satisfied.  Again, the federal interest

7    in regulating immigration is unquestionably substantial.  *See Avila-Gonzalez*, 2006

8    WL 643297, at *1 ("Federal question jurisdiction is appropriate because of the

9    substantial federal interest in immigration matters and in seeing that businesses

10   honor the obligations they assume in order to obtain governmental approval of their

11   activities, as the Defendant did to obtain temporary labor certificates for

12   importation of H-2A workers.")[4]  "It is the business of the political branches of the

13   Federal Government, rather than that of either the States or the Federal Judiciary, to

14   regulate the conditions of entry and residence of aliens."  *Mathews*, 426 U.S. at 84;

15   *see also Hines*, 312 U.S. at 62 (federal supremacy in field of immigration is made

16   clear by the Constitution); *Plyer v. Doe*, 457 U.S. 202, 225 (1982) ("[t]he States

17   enjoy no power with respect to the classification of aliens").

18        In addition, Congress has directed the Secretary of Labor to establish a

19   process for the receipt, investigation, and disposition of complaints regarding an H-

20   1B petitioner's failure to meet a condition specified in an application or a

21   petitioner's misrepresentation of material facts in an application.  8 U.S.C.

22

23   _____

24   [4] Plaintiffs' attempt to distinguish *Avila-Gonzalez* on procedural grounds is
     unavailing.  In that case, the court first determined if it had subject-matter
25   jurisdiction over the plaintiffs' state-law claims before granting a default judgment.
     The court held that federal-question jurisdiction existed because all three *Grable*
26   requirements had been met.  Plaintiffs' attempt to distinguish *Avila-Gonzalez* from
     this action on factual grounds is equally unavailing.  Like the plaintiffs' claims in
27   *Avila-Gonzalez*, Plaintiffs' claims in this action rise and fall on their proving a
     violation of federal law.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

1   §1182(n)(2)(A). The Secretary of Labor has, in turn, delegated all such

2   investigative and enforcement functions to the Administrator, Wage and Hour

3   Division, Employment Standards Administration ("ESA"). 20 C.F.R. § 655.800(a).

4   The enforcement of LCAs for employment of nonimmigrant professionals has been

5   delegated to the Assistant Secretary for Employment Standards. 66 Fed. Reg.

6   29656 (May 31, 2001). Generally, complaints concerning misrepresentations in the

7   LCA or failure of the employer to meet a condition specified in the application must

8   be filed with the Administrator, Wage and Hour Division of ESA. 20 C.F.R.

9   § 655.710(a). The Administrator will investigate where appropriate, and after an

10  opportunity for a hearing, assess appropriate sanctions and penalties. *Id*. By

11  contrast, complaints arising under 8 U.S.C. § 1182(n)(1)(G)(i)(II), alleging failure

12  of the employer to offer employment to an equally or better qualified U.S. worker,

13  or an employer's misrepresentation regarding such offer(s) of employment, may be

14  filed with the Department of Justice. 20 C.F.R. § 655.710(b). The Department of

15  Justice will investigate where appropriate and will take such further action as may

16  be appropriate under that Department's regulations and procedures. *Id*.

17          As for the authorities cited in Plaintiffs' moving papers that found federal

18  interests to be lacking, a close examination of those cases reveals that the federal

19  interests that were at issue are not nearly as significant as the federal interest in

20  regulating immigration. *See Singh v. Duane Morris LLP*, 538 F.3d 334, (5th Cir.

21  2008) (whether plaintiff had sufficient evidence that his trademark had acquired

22  secondary meaning did not involve important issue of federal law); *Mikulski v.

23  Centerior Energy Corp.*, 501 F.3d 555, 570-571 (6th Cir. 2007) (concluding that the

24  interpretation of federal law governing the effective date of an accounting provision

25  that instructs companies on how to adjust their earnings and profits calculations to

26  account for certain construction project interest expenses was not a substantial

27  federal issue); *Utah v. Eli Lily & Co.*, 509 F.Supp.2d 1016, (D. Utah 2007) (state's

28  interest in obtaining reimbursements for Medicaid payments was not tantamount to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

the federal government's interest in federal rights-of-way at issue in *Nicodemus*, *supra*, 440 F.3d at 1236-37); *Pacific Gas & Elec. Co. v. Arizona Elec. Power Cooperative, Inc.*, 479 F.Supp.2d 1113, 1123 (E.D. Cal. 2007) (federal interests did not warrant federal-question jurisdiction because the federal tariffs that had been incorporated by reference into the contracts at issue were interpreted and governed by California law rather than by federal law).

Finally, the third *Grable* requirement is met here because the exercise of federal jurisdiction will not "disturb[] any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Pursuant to 8 U.S.C. § 1184(g)(1)(A)(vii), the total number of aliens who may be issued visas or otherwise provided nonimmigrant status may not exceed 65,000 per year after 2004. Therefore, federal-question jurisdiction in this matter would not open the judicial flood gates. Given the lack of a threat of inundating the federal courts, the absence of a private federal cause of action does undermine this conclusion. *Grable*, 545 U.S. at 318-321 (distinguishing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986)).

For these and other reasons set forth below, Plaintiffs' Motion to Remand should be denied and removal should be upheld.[5]

---

[5] The Court should deny Plaintiffs' request for attorneys' fees. Cognizant's removal of this action was proper. Moreover, if the Court considers Plaintiffs' request at this time, it should deny it because Cognizant had an objectively reasonable basis for seeking removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (attorneys' fees generally unavailable if objectively reasonable basis exists for removal). Further, Plaintiffs should be required to submit a proper bill of costs and fees, together with attestations from competent professionals verifying the appropriateness of counsels' rates per hour. The Court should also direct Plaintiffs' counsel to explain who may ever have paid the rates that each Plaintiffs' counsel now claim and why someone allegedly with a rate of $750/hour is doing legal research and why it would have taken 40+ hours at such a rate.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

**IV.   <u>CONCLUSION</u>**

Plaintiffs have acknowledged that, unless they actually prove that Cognizant violated federal law, they cannot prevail upon any of their claims against Cognizant.  The parties dispute not only whether Cognizant made false statements in violation of federal law, but also the nature and scope of Cognizant's disclosure obligations, the applicability and scope of any exemptions that may affect these disclosure requirements, and the legal effect of Cognizant's LCA attestations to the DOL.  These disputes concern an area of substantial federal interest (*i.e.*, immigration).  Further, the exercise of federal jurisdiction will not disturb any congressionally approved balance of federal and state judicial responsibilities.  Accordingly, Cognizant's removal of this action was proper, and this Court should deny Plaintiffs' Motion to Remand.


Dated:        July 1, 2011                    MORGAN, LEWIS & BOCKIUS LLP


                                              By    /S/ Barbara A. Fitzgerald
                                                    Barbara A. Fitzgerald

                                              Attorneys for Defendant
                                              COGNIZANT TECHNOLOGY
                                              SOLUTIONS U.S. CORPORATION,
                                              erroneously identified as COGNIZANT
                                              TECHNOLOGY SOLUTIONS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

4

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA  90071-3132.  On July 1, 2011, I served the within documents:

5

6

7

**COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO LOS ANGELES SUPERIOR COURT**

8

9

☐   (By U.S. Mail) by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

10

11

☒   (By Court's CM/ECF System) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below.

12

13

☐   by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

14

### SEE ATTACHED LIST

15

16

17

18

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19

20

Executed on July 1, 2011, at Los Angeles, California.

21

22

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

23

_____
Adriana Reyes

24

25

26

27

28

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND 2:11-
CV-04974-JFW (MRW)

1   James A. Otto, Esq.
2   Law Offices of James Otto
    19536 San Jose Street
3   Northridge, CA 91326
4   Tel: (818) 366-8432 Fax: (818) 368-7757
    *Attorneys for Plaintiffs*
5

6   Regina Ashkinadze, Esq.
7   Law Offices of Regina Ashkinadze
    1219 Morningside Drive, Suite 128
8   Manhattan Beach, CA 90266
9   Tel: (310) 285-8595 Fax: (310) 300-2112
    *Attorneys for Plaintiffs*
10

11  Rachel Lee, Esq.
12  Lewis Brisbois Bisgaard & Smith LLP
    221 North Figueroa Street, Suite 1200
13  Los Angeles, CA 90012
14  Tel: (213) 250-1800 Fax (818) 250-7900
    *Attorneys for Defendant Molina Healthcare, Inc.*
15

16  Edward B. Raskin
    Kassinove & Raskin LLP
17  2600 Michelson Drive,  Suite 800
    Irvine, CA  92612
18  *Attorney for Defendant Amir Desai*

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

COGNIZANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
2:11-CV-04974-JFW (MRW)