| UNITED STATES DISTRICT COURT | PRIORITY SEND |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 11-4974-JFW (MRWx)**                                              Date:  July 1, 2011

Title:        Jonathan Beasley, et al. -v- Cognizant Technology Solutions U.S. Corporation, et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                     None                                                                            None

**PROCEEDINGS (IN CHAMBERS):**      ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

   On September 19, 2011, Plaintiffs filed a Complaint against Defendants Cognizant Technology Solutions U.S. Corporation (erroneously sued as Cognizant Technology Solutions), Molina Healthcare, Inc., and Amir Desai ("Defendants") in Los Angeles County Superior Court.  On June 10, 2011, Defendant Cognizant Technology Solutions U.S. Corporation ("Cognizant") filed a Notice of Removal to the United States District Court for the Central District of California ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

   In their Complaint, Plaintiffs allege that they were employed by Defendant Molina Healthcare, Inc. ("Molina") in the Information Technology ("IT") Department.  In addition,  Plaintiffs allege that Defendant Amir Desai, the Chief Information Officer and manager of Molina's IT Department, allegedly conspired with Defendant Cognizant, a corporation engaged in the business of supplying foreign nonimmigrant employees holding H1-B visas to United States employers, to replace American citizens and residents with Cognizant's contractors.  According to Plaintiffs' Complaint, Cognizant brought these contractors into the United States from India via H1-B nonimmigrant worker applications filed with the United States Department of Labor to work for Molina.  Plaintiffs allege that Cognizant filed Labor Condition Applications with the Department of Labor on behalf of Molina, which falsely certified that (1) Molina could not find any qualified U.S. workers who were willing to perform the job, (2) no current employees of Molina would be adversely affected by the hiring of the H1-B workers, and (3) the H1-B workers would be paid the higher of the prevailing wages or the same as other Molina employees in the same job positions with the same benefits as other programmers and security analysts.  On January 14, 2010, one day after the Department of Labor approved Cognizant's application for 40 H1-B workers, Molina

Initials of Deputy Clerk  sr

and Desai allegedly fired approximately 40 programmers, managers and security analysts, who were either American citizens or green card holders.  The eighteen Plaintiffs were among the 40 U.S. workers terminated by Molina.  Desai allegedly informed Plaintiffs that they were terminated due to Molina's unprofitable financial performance, and that in order to receive their final wages, they were required to sign a severance agreement and waive their rights to sue Molina for any wrongdoing.

Plaintiffs allege the following state-law claims for relief: (1) national origin discrimination in violation of the California Constitution and Cal. Civ. Code § 51; (2) intentional infliction of emotional distress; (3) wrongful termination in violation of a public policy; (4) negligence; (5) tortious interference with a contract; (6) violation of the Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200; (7) fraud in the inducement; (8) age discrimination in violation of Cal. Gov. Code § 12940(j); (9) failure to take all reasonable steps to prevent discrimination in violation of Cal. Gov. Code § 12940(k); (10) retaliation in violation of Cal. Gov. Code § 12940(h); and (11) violation of Cal. Labor Code § 1102.5.

In its Notice of Removal, Cognizant contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs' state-law claims implicate significant federal issues -- whether Cognizant violated federal immigration law.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Cognizant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## III.   DISCUSSION

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  This provision is usually invoked when plaintiffs plead a cause of action created by federal law.  *Grable* & *Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 5454 U.S. 308, 312 (2005).  However, there is a "special" and "small" category of cases in which federal-question jurisdiction will lie over state-law claims that implicate significant federal issues.  *See id.; Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 698 (2006).  A state-law claim "arises under" federal law only if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable*, 545 U.S. at 314.

The Court concludes that Plaintiffs' claims are not created by federal law, and that this case is not one of the special and small category of cases in which state-law claims "arise under" federal law. The alleged violations of immigration law are neither a necessary element of Plaintiffs' claims, nor do they raise a substantial, disputed federal issue. In fact, the alleged violations of immigration law will only be marginally relevant to Plaintiffs' claims. "[I]t takes more than a federal element to open the 'arising under' door." *Empire*, 547 U.S. at 702.

Indeed, "[w]hen a claim can be supported by alternative and independent theories - one of which is a state law theory and one of which is a federal law theory - federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). Here, each of Plaintiffs' claims depend on alternative and independent state-law theories, and are not dependent on the alleged violations of immigration law. For example, Plaintiffs' claim for wrongful employment termination in violation of public policy is based, not only on the public policy set forth in the Immigration and Nationality Act, but on the public policy against discrimination on the basis of race and national origin set forth in Section 8 of the California Constitution and California Government Code § 12940.

Not only is the federal issue unnecessary to Plaintiffs' state law claims, Plaintiffs' state law claims do not "really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law." *Grable*, 545 U.S. at 312-13. In contrast to the federal issue presented to the Supreme Court in *Grable*, not only has Cognizant failed to demonstrate any dispute or controversy over the meaning of the statute, the Court's resolution of any such dispute would not be dispositive of the case, or even controlling in numerous other cases. *See Empire*, 547 U.S. at 700 (distinguishing *Grable*). Plaintiffs' state-law claims are "fact-bound and situation-specific." *Id.* Moreover, allowing Plaintiffs' state-law claims to go forward in federal court would undermine "Congress's intended division of labor between state and federal courts." *Grable*, 545 U.S. at 319. "Although the absence of a private federal right of action is no longer dispositive after *Grable*, it remains relevant to our assessment of the sensitive judgments about congressional intent that § 1331 requires." *Shanks v. Dressel*, 540 F.3d 1082, 1092 (9th Cir. 2008). Cognizant identifies no provision of the Immigration and Nationality Act that confers a private right of action upon Plaintiffs.

Accordingly, Plaintiffs' state-law claims do not "arise under" federal law.

## IV.     CONCLUSION

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.